**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4586**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

PARNELL L. MOORE, a/k/a Pete, a/k/a P,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville.  Jackson L. Kiser, Senior District Judge.  (4:12-cr-00030-JLK-1)

Submitted:  January 23, 2014      Decided:  February 4, 2014

Before KING, GREGORY, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Abram J. Pafford, PAFFORD, LAWRENCE & CHILDRESS, PLLC, Lynchburg, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Donald Wolthuis, Assistant United States Attorney, Drew J.M. Bradylyons, Special Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Parnell L. Moore pled guilty, without a plea agreement, to three counts of distributing cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) (Counts One, Four, and Five), three counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012) (Counts Two, Six, and Eight), and two counts of using and carrying a firearm during a drug trafficking crime and possessing the firearm in furtherance of the drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012) (Counts Three and Seven). The district court sentenced Moore to concurrent terms of 60 months' imprisonment on Counts One, Two, Four through Six, and Eight. In addition, the court sentenced Moore to terms of 60 months and 300 months on Count Three and Seven, the minimum imprisonment terms required by statute for these counts, to be served consecutively to each other and to the concurrent sentences on the other counts. Thus, Moore's total sentence was 420 months' imprisonment.

Moore has timely appealed. He contends that, as a result of an error by the district court at the plea hearing, his guilty plea was not knowing and voluntary. For the reasons that follow, we affirm.

Because Moore did not move in the district court to withdraw his guilty plea, his challenge is reviewed for plain

error.  United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009); United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002).  To establish plain error, Moore must show that: (1) an error was made; (2) the error was plain; and (3) the error affected his substantial rights.  United States v. Olano, 507 U.S. 725, 732 (1993).  Even if Moore makes this showing, correction of the error lies within our discretion, which we will not exercise unless the error "seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. (internal quotation marks, citations, and alterations omitted).

Under Rule 11(b)(1)(I) of the Federal Rules of Criminal Procedure, a district court is required, before accepting a defendant's guilty plea, to advise the defendant of and ensure that he understands any applicable mandatory minimum penalty.  Fed. R. Crim. P. 11(b)(1)(I).  To satisfy this obligation, the court must "clearly advise" the defendant of the applicable minimum penalty.  United States v. Good, 25 F.3d 218, 223 (4th Cir. 1994).

In this case, Moore was subject to a minimum prison term of five years on Count Three and a consecutive minimum term of twenty-five years on Count Seven, both consecutive to any other term of imprisonment.  See 18 U.S.C. § 924(c).  Although the Government recited the statutory maximum terms for each

3

count and the mandatory minimum terms for Counts Three and Seven at the Rule 11 hearing, the district court did not personally advise Moore of these mandatory minimum terms or probe his understanding of them.

Even if the district court's omission amounted to error that was plain, Moore is not entitled to relief because the error did not impact his substantial rights. Cf. United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995). An error impacts a defendant's substantial rights if it is so prejudicial as to affect the outcome of the proceedings. Martinez, 277 F.3d at 532. In the guilty plea context, a defendant meets this standard by showing that he would not have pled guilty but for the Rule 11 error. United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004); Martinez, 277 F.3d at 532. Here, Moore was made aware of the mandatory minimum prison terms at least twice before he pled guilty: once when the Government recited the mandatory minimum and the maximum prison terms on each count at the arraignment and again at the plea hearing prior to the entry of his guilty plea. We therefore conclude that Moore cannot credibly assert that he was unaware of the mandatory minimum sentences prior to his guilty plea. Accordingly, we discern no plain error.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED